June 5, 2015

Court of Criminal Appeals of Texas
Hon. Abel Acosta, Clerk
P.O. Box 12308 Capital Station
Austin, Texas 78711

83,449-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 11 2015

Abel Acosta, Clerk

RE: APPLICANTS PRO SE ANSWER / FACTS FINDING AND
CONCLUSIONS OF LAW   CAUSE NO.  09-12-01422-CR-(1)
EX PARTE  LUIS ANTONIO MENENDEZ.


Dear Mr. Acosta!
            Enclosed is the above mentioned documents
for the above styled and numbered cause.  Please file and
present these documents before the Court.  Please provide
notice of reciept at the below given address.
            Thank You for Your time and assistance.
                              Sincerely,
                              ∠AMA
                         Luis Antonio Menendez
                         TDCJ NO. 1771850
                         Telford Unit
CC: File DC-3              3899 State Hwy 98
                         New Boston, Tx. 75570

CAUSE NO. 09-12-01422-CR-(1)

EX PARTE           ⁑       IN THE COURT OF

LUIS ANTONIO MENENDEZ    ⁕       CRIMINAL APPEALS

                       ⁑       OF TEXAS

---

APPLICANTS PRO SE ANSWER TO THE STATE'S ANSWER TO APPLICANTS APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS.

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Comes now the Applicant in the above styled and numbered cause and moves this honorable court to find that it is necessary for a hearing on the allegations presented and to recommend relief based on the writ of habeas corpus. In support of the applicant would show the court the following:

1. The Applicant was charged in a two-count indictment with the offenses of capital murder and aggravated robbery on Febuary 12, 2009. (C.R. 2).

2. Upon Applicant's plea of not guilty the applicant was tried in the 221st. District Court of Montgomery County, Texas with the Honorable Lisa Michalk presiding.

3. On January 12, 2012 applicant was found guilty of capital murder.

4. Punishment was assessed at life imprisonment without the possibility of parole. (C.R. 127, 132-133).

5. Applicant filed timely notice of appeal and was appointed counsel to represent him on appeal only. (C.R. 136-138).

6. In applicant's appellate brief, counsel contended abuse of discretion by the trial court by disallowing all testimony of expert witness Dr. Arredondo. (See appellate brief, point six, page 32).

7. The State's brief argued no abuse of discretion due to lack of scientific reliability. (See State's brief, page 17).

8. The Ninth Court of Appeals backed the State's contention of no abuse of discretion by the trial court in its unpublished opinion issued June 26, 2013. (See Memorandum of Opinion, point six, page 16).

9. Appellate counsel filed a timely petition for discretionary review which was refused, no motion for rehearing was filed.

10. Applicant filed a timely writ of habeas corpus, with request for an evidentery hearing on the ineffective assistance of counsel claims, on October 24, 2014.

11. On May 22, 2015 the State submitted its answer to applicant's application for post conviction writ of habeas corpus and its findings of fact and conclusions of law.

12. This document follows as rebuttle to State's contentions.

On October 28, 2014, the applicant filed his first application for writ of habeas corpus alleging in four grounds for relief that he did not recieve effective assistance of counsel at trial or on his first appeal of right. Applicant request the court to review allegations specifically arguments 1 and 3:

1. Trial Counsel failed to investigate the qualifications of Dr. Kim Arredondo which denied applicant of an expert witness to testify on his behalf at trial.

3. Appellate Counsel failed to raise the viable issue of the legal sufficiency of evidence to support the conviction of capital murder.

On December 4, 2014, the Court issued a designation of controverted, previously unresolved facts material to the applicant's claims, and ordered attorneys Frank Blasek and Robert Morrow to provide affidavits responding to applicants claims. Those affidavits have now been filed with the Court. Applicant timely responded to those affidavits, exposing misquotations of the established record and the unreasonable application of the Jackson V. Virginia standards as set forth by the Supreme Court, by Mr. Morrow, and showing the Court how Mr. Blasek's affidavit supported the applicant's contentions of his deficient performance in the regards to Dr. Arredondo's qualifications and his lack of ensuring she was qualified to testify on applicants behalf. These Responses to affidavits were presented to the District Clerk for presentation to the Court.

Beginning on page 2 of the State's answer, part II, section A. Ineffective assistance of trial counsel. The State recites the off the record before the jury testimony

where Dr. Arredondo explains that she based her conclusions, in part, on I.Q. testing that was normed for someone from a different region than the applicant because, to Dr. Arredondo's knowledge, no valid test existed for El Salvadorians. Dr. Arredondo admitted there was little research supporting her techniques, but stated that her methods were widely accepted within her field of expertise. In other words, within the psychological community her methods are acceptable and the best option available.

The State then conceeds that "Significantly, Dr. Arredondo was qualified to administer an I.Q. test and testify regarding a person's cognitive assessments, and counsel's decision to offer her testimony was not deficient." This would suggest the abuse of discretion contentions set forth on appeal. However, the State does go on to submit the problem was the "underlying science." The Texas Rules of Evidence Rule 702 specifically is in contradiction of the State's position. If scientific, technical or other specialized knowledge will assist the trier of fact to understand evidence or to determine a fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise. Tex. R. of Evid. 702. Scientific evidence may be shown reliable even though not yet generally accepted in the relevant scientific community. See E. Cleary, ed. MacCormick on Evidence § 340 (1984). Again these set standards suggest the abuse of discretion standard in the appellat's brief on direct appeal.

Next the State suggest that the applicant has failed to present any evidence establishing that another form of testing "overlooked" by Dr. Arredondo or counsel would have resulted in "admissible" testimony material to his conviction, or that some other expert was available and

would have provided testimony favorable to the applicant. There is no evidence of either of these contentions due to the fact that trial counsel failed to investigate these necessary areas of inquiry to ensure his client obtained a qualified expert witness, which is both deficient and prejudice performance by counsel. If the applicant had been afforded an expert witness to testify regarding his deminished mental culpability, such as his lack of the ability to form the "intent" the State was required to prove, there is more than a reasonable probability that the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668 (1984).

In its conclusion, the State again acknowledges that "Dr. Arredondo was qualified to testify". Thus, creating a contradiction. At trial, the State contends that Dr. Arredondo was "not" qualified to testify as an expert witness, which the trial court agreed to, thus not allowing Dr. Arredondo to testify at trial. Yet, when abuse of discretion was raised on appeal, the State and the Ninth Court of Appeals agreed there was no abuse of discretion and that Dr. Arredondo was "not" qualified to testify. Now when ineffective assistance of counsel is raised on writ of habeas corpus, now according to the state Dr. Arredondo was "in fact qualified" to testify afterall.

In conclusion by the applicant, If Dr. Arredondo was not qualified to testify as an expert witness then counsel was deficient by not investigating her qualifications, the underlying science, the norms for testing, what the acceptable applications are considering all ares necessary for inquiry for his client. Now if in fact, as the State conceeds, Dr. Arredondo was qualified to testify, then the trial court erred by abuse of discretion as directed on appeal and the Ninth Court of appeals erred in its decision making process. Ither way, applicant was denied an expert witness to testify

at trial in regards to his mental culpability which violated applicants Due Process and Due Course of Law as protected by the Constitution of the United States and Texas.

Section C. Sufficiency of evidence, third ground.

Appellate attorney Robert Morrow failed to challenge the sufficiency of evidence to support a conviction of capital murder. The State explains that Mr. Morrow's affidavit concludes that the evidence was unquestionably sufficient. However, in Mr. Morrow's affidavit he misquotes the record. Mr. Morrow stated that the murder weapon was found in applicant's home, which is contrary to the record. Mr. Morrow stated that the murder weapon was found by applicant's wife, which is also contrary to the record. The handgun was found at trailer number 58 where his co-defendant was apprehended. (R.R.4 116-121). Applicant's Sister-in-Law resided at trailer number 58 her name is Julia Menendez. Co-defendant Rivera was apprehended at this location with the victims wallet and money with the victims blood still on it. (R.R. 4. 116-121). The applicant resided in trailer number 2 with his wife Maria Menendez. Applicant was apprehended at this location and his wife gave a consentual search of the premisis where absolutly nothing of either victim was found. Therefore, Mr. Morrow's affidavit is not credible because he makes statements that are completely contrary to the record and his application of the Jackson v. Virginia standard falls short.

The State also made a statement on page 5 of its answer, that Rivera (Co-defendant) and the applicant plied (Supplied) them (the victims) with alcohol before convincing them to drive to a remote location. This statement is completely contrary to the record and untrue. The

record establishes applicants mere presence at the scene and his flight from the scene. Even with the inadmissible evidence of an unadjudicated offense of an aggravated robbery, with very different aspects, as the record shows, one week prior to the murder, only proved to the jury that the applicant had a propensity to commit aggravated robbery which in itself is a violation of the Texas Rules of Evidence Rule 404(b). Under the Jackson V. Virginia standard for evaluating the sufficiency of evidence, a rational jury could not conclude that the applicant could be convicted of the offense of capital murder.

Holsclaw V. Smith, 822 F.2d. 1041 (11th. Cir 1987)(holding that counsel's failure to challenge the sufficiency of evidence was not strategic decision, but, rather, was outside the range of professional and competent assistance, resulting in reasonable probability that, but for error, result would have been different, due to the State's case being largely circumstantial, and thus ineffective assistance).

The evidence in applicant's case was so weak that the State conceeded that "there was little evidence to show that Menendez acted in concert with Rivera." The evidence at trial all conveyed that Rivera acted alone in the planning, preparation, and execution of capital murder.

Appointed counsel's failure to raise the viable issue on appeal of the sufficiency of evidence constituted ineffective assistance of counsel. Mr. Morrow's performance was "outside the wide range of professional and competent assistance, and based on the weakness of the State's case,(as admitted by the State), there is a reasonable probability that, but for the unprofessional error, the result would have been different on appeal." Strickland V. Washington, 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed. 2d 674 (1984) Therefore, the applicant is entitled to relief.

Respectfully Submitted,
LAMA
Luis Antonio Menendez, Pro Se.

CAUSE NO. 09-12-01422-CR-(1)

| | | |
|---|---|---|
| EX PARTE | ✗ | IN THE COURT OF |
| LUIS ANTONIO MENENDEZ | ✗ | CRIMINAL APPEALS |
| | ✗ | OF TEXAS |

## APPLICANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having reviewed the State's proposed findings of fact and conclusions of law, the Applicant hereby enters the following findings of facts and conclusions of law:

### FINDINGS OF FACT

On October 28, 2014, the applicant filed his first application for writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure in the above numbered cause, asserting that he was denied effective assistance of counsel at trial, or on his first appeal of right.

a. Trial counsel failed to investigate the qualifications of expert witness Dr. Kim Arredondo.

b. Trial Counsel failed to challenge the admissibility of statements obtained in Violation of the Supremacy Clause Article 36 of the Vienna Convention.

c. Appellate counsel failed to challenge the viable issue of the legal sufficiency of the evidence to support the applicant's conviction.

d. Appellate counsel failed to challenge the Court of Appeals decision regarding the erroneous admission of the unajudicated extraneous offense evidence in the petition for discretionary review.

1. The Applicant was charged by indictment with the felony offense of capital murder on Febuary 12, 2009. (C.R.2). Upon his plea of not guilty the applicant was tried and the jury found him guilty on January 27, 2012 and assessed punishment at life imprisonment without parole. (C.R.127, 132-133).

2. The Ninth Court of Appeals affirmed the applicant's conviction in an unpublished opinion on October 11, 2013.

3. Trial Counsel, Mr. Blasek submitted an affidavit essentrially confirming the allegations of his failure to ensure Dr. Kim Arredondo was qualified to testify as an expert witness.

4. Appellate Counsel, Mr. Morrow has submitted an affidavit in which he misquotes the record as to the facts of the case. Therefore his affidavit is NOT credible.

5. The State now conceeds that the evidence established that Dr. Arredondo was in fact qualified to testify about intellectual capabilities and mental retardation which establishes the abuse of discretion of the Court at trial.

6. There is no evidence that an I.Q. test normed for El Salvadorian nationals was available at the time of trial, due to the fact trial counsel Mr. Blasek did not investigate this possibility, as indicated in his affidavit.

7. There is no evidence that another psychologist or similar professional would have provided favorable and admissible evidence regarding the applicant's intellectual capabilities, due to trial counsel Mr. Blasek's failure to investigate this possibility as indicated by his affidevit.

8. Mr. Morrow's conclusion that a challenge on appeal to the sufficiency of the evidence would be futile, and that more meritorious grounds for relief should be pursued instedd, is an unreasonable application of the Jackson V. Virginia standards set forth by the supreme Court.


## Conclusions of Law

1. The applicant has proven by a preponderance of the evidence that he was denied his Constitutional right to effective assistance of counsel at trial and on his first appeal as of right. See Strickland V. Washington, 466 U.S. 668 (1984).

2. The applicant has satisfied the two prong test of Strickland. First showing the deficient performance of both Trial and Appellate counsel's and has shown prejudice. See Strickland V. Washington, 466 U.S. 668 (1984) also See Ex Parte Ybarra, 629 S.W. 2d 943 (Tex. Crim App. 1982); Ex Parte Duffy, 607 S.W. 2d 507 (Tex. Crim. App. 1980). and Evitts V. Lucey, 469 U.S. 387 (1985).

3. Trial Counsel, Mr. Blasek's decision to rely on Dr. Arredondo constituted not having a firm command of the facts of her qualifications and limitations. See Duffy supra; Flores V. State, 576 S.W. 2d. 632 (Tex. Crim. App. 1979).

4. Appellate counsel, Mr. Morrow's decision not to challenge the legal sufficiency of evidence on direct appeal was outside the wide range of professional and competent assistance, and based on the weakness of the State's case, as openly admitted by the State, there is a reasonable probability, but for the unprofessional error, the results on appeal would have been different. Strickland V. Washington, 466 U.S. 668 (1984); See also Holsclaw V. Smith, 822 F.2d. 1041 (11th Cir. 1987) (Holding that counsel's failure to challenge the sufficiency of the evidence was not strategic decision, but, rather, was outside the range of professional and competent assistance, resulting in reasonable probability that, but for error, result would have been different, due to the State's case being largely circumstantial, and thus ineffective assistance).

5. The applicant is entitled to relief based on the presented evidence and applicant prays this Honorable Court will grant relief as to ensure true justice is done.

Respectfully Submitted,
∠AMA
Luis Antonio Menendez
Pro se.